UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ERIC FLORES LITIGATION (No. III)   MDL No. 2550


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff Eric Flores, *pro se*, seeks centralization in the District of the District of Columbia of four actions he has filed in two different districts.[1] No party responded to the motions.

After considering all arguments of the *pro se* litigant, we will deny centralization. These actions share some factual questions concerning, *inter alia*, plaintiff's allegations that numerous unnamed federal Executive branch officials conspired to harm him, members of his family, and a postal investigator inquiring into his complaints of mail theft by using a sophisticated satellite-based technology capable of altering these individuals' genetic code. This satellite technology also allegedly caused a variety of afflictions, ranging from a liver abscess and a heart attack, to gastrointestinal distress and cocaine addiction, in addition to causing plaintiff's various family members to commit adultery in contravention of their religious beliefs. Further, plaintiff contends that this same group of government officials have filed bogus documents in his various court cases purporting to dismiss his claims.

Plaintiff has once again failed to convince us that the factual allegations in these actions are sufficiently plausible to warrant centralization. As a practical matter, there are only four actions at issue here, and plaintiff has failed to demonstrate sufficiently that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. *See* 28 U.S.C. § 1407(a); *In re Transocean Ltd. Secs. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

The motions before us now represent plaintiff's third attempt at centralization of his cases relating to frivolous allegations about genetic-code-altering satellite technology. Plaintiff's first motion was mooted when the litigation lost its multidistrict character. The second motion was denied in April 2014, and we cautioned plaintiff that further frivolous filings would result in restrictions

---

[*] Judge Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Plaintiff filed three essentially identical motions. These motions originally included a total of five actions, but one of those actions was dismissed during the pendency of the motions for centralization.

- 2 -

placed on his ability to file materials before the Panel. *See In re: Eric Flores Litigation (No.II)*, — F. Supp. 2d —, 2014 WL 1338502 (J.P.M.L., April 1, 2014) *(citing In re: David Kissi, et al. (No. III)*, 923 F. Supp. 2d 1367 (J.P.M.L. 2013) (taking judicial notice of plaintiffs' frivolous filings and vexatious and harassing course of conduct in various federal courts and directing the Clerk of the Panel to accept no documents for filing relating to the subject matter of instant litigation without first obtaining leave of the Panel)). Twenty days after the Panel's denial issued, plaintiff filed his current motions, which are largely repetitive of the previous filings. Plaintiff has failed to heed our previous admonition to cease filing frivolous motions before this Court, and we now instruct the Clerk of the Panel to accept no documents relating to the subject matter of plaintiff's prior motions for centralization without leave of the Panel.

IT IS THEREFORE ORDERED that the motions pursuant to 28 U.S.C. § 1407 for centralization of these actions are denied;

IT IS FURTHER ORDERED that the Clerk of the Panel is directed to accept no document submitted by plaintiff Eric Flores for filing that relates to the subject matter of this litigation unless and until leave is granted by the Panel to file the same.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan         Sarah S. Vance
R. David Proctor

**IN RE: ERIC FLORES LITIGATION (No. III)**                                MDL No. 2550

## SCHEDULE A

<u>Eastern District of Texas</u>

FLORES v. UNITED STATES ATTORNEY GENERAL, ET AL., C.A. No. 1:14-00198

<u>District of Utah</u>

FLORES v. UNITED STATES ATTORNEY GENERAL, ET AL., C.A. No. 2:13-00390
FLORES v. UNITED STATES ATTORNEY GENERAL, ET AL., C.A. No. 2:13-00391
FLORES v. HOLDER, ET AL., C.A. No. 2:14-00245